## THE PEOPLE EX REL. CHARLES TULL, RESPONDENT, v. PETER KENNY, APPELLANT.

*Contempt — order adjudging party guilty of — Irregularity — when waived — must be specified in notice of motion.*

Where an order was made, requiring the defendant to appear at a certain time and place specified, to show cause why he should not be *attached* for a contempt; on the return of which, an order was made adjudging him guilty of contempt, and directing his punishment therefor; and it did not appear that he was misled or failed to appear, in consequence of the use of the term "*attached*," in place of "*punished;*" *held*, that, as the use of that term did not appear to have prejudiced the defendant, and as the order to show cause had failed to specify the irregularity, as required by Rule 46, that the order should be affirmed.

APPEAL from an order, denying a motion to set aside an order directing the punishment of defendant for contempt, committed by failing to appear and submit to an examination concerning his property, in proceedings supplementary to the return of an execution unsatisfied, issued against property.

*H. C. Denison*, for the appellant.

*Tremain & Tyler*, for the respondent.

DANIELS, J.:

The order which the motion was made to vacate, was made on the return of an order requiring the defendant to appear at a certain time and place specified, and show cause why he should not be attached as for a contempt; and it is claimed to have been irregular, because it did not require him to show cause why he should not be " punished " as for a contempt. The latter is no doubt the most preferable and correct form of proceeding. But from the affidavit accompanying the order to show cause, it clearly appeared that the proceeding was instituted on the fact of his neglect to appear and be examined, as he had been required by the original order made. And the defendant does not claim that he was misled, or failed to appear and oppose the application, or excuse his default, in consequence of the use of the term, " attached " in place of the more appropriate term, " punished." The object of the order was to

give him notice of the proceeding intended to be taken against him, so that he could appear and defend or excuse himself, in case he desired to do so. And no reason exists for supposing that he failed to do that, because of the informality now complained of. And nothing has been shown by him, which would justify his omission to appear when he was first required to do so, or excuse him from answering, if he had appeared on either occasion. The defect relied upon, in support of the motion, was, at most, an irregularity which was not shown to have prejudiced the defendant in any way whatever. The import of the order requiring him to appear and show cause, was that he was to be proceeded against for his previous default. And that afforded him good reason for believing that he would be punished, unless his default was justified or excused at the return of the order.

As an irregularity, the order to show cause should, in terms, have specified it, as the ground on which the motion would be made. That was required by the forty-sixth rule. It did not do so, and for that, as well as the other reasons mentioned, the motion was properly denied.

The order should be affirmed, with ten dollars costs, besides disbursements.

DAVIS, P. J., and LAWRENCE, J., concurred.

Ordered accordingly.